IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEAN-PAUL RUHOSHA                 :
                                  :
    v.                            :   Civil Action No. DKC 21-1198
                                  :
USCIS PORTLAND, ME FIELD OFFICE   :
                                  :

**MEMORANDUM OPINION**

Pro se Petitioner Jean-Paul Ruhosha ("Petitioner"),[1] filed this action against Respondent United States Citizenship and Immigration Services in Portland, Maine ("Respondent") requesting judicial review of the administrative denial of his naturalization petition.  (ECF No. 1).  Respondent has now voluntarily reversed its prior denial of Petitioner's naturalization petition and granted Petitioner citizenship.  (See ECF Nos. 54; 58).  As a result, Respondent requests that this action be dismissed as moot.  (ECF No. 58).  Plaintiff opposes dismissal of this action on the basis that he is entitled to monetary damages, attorneys' fees, and costs.  (ECF No. 60).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, Respondent's request that this action be dismissed as moot will be granted and Petitioner's

---

[1] Petitioner filed this case pro se but was represented by counsel from July 26, 2022 until December 12, 2022.  (See ECF Nos. 26; 30).  Not much happened during that brief time period.

request for monetary damages, attorneys' fees, and costs will be denied.

**I.    Background**

The factual background of this case is set forth in a prior opinion. (ECF No. 50, at 1-3). On May 17, 2021, Petitioner filed a complaint challenging Respondent's denial of his naturalization petition. (ECF No. 1). On May 21, 2023, Respondent moved for summary judgment. (ECF No. 41). On January 4, 2024, the court issued a memorandum opinion and order denying Respondent's motion for summary judgment. (ECF Nos. 50; 51). On January 25, 2024, Respondent filed a status report noting that it was reconsidering its denial of Petitioner's naturalization petition. (ECF No. 54). On March 27, 2024, Respondent filed a status report (1) stating that it scheduled Petitioner for a naturalization oath ceremony on March 20, 2024; and (2) requesting the court to dismiss the complaint as moot and close the case. (ECF No. 58). On April 23, 2024, Petitioner filed a memorandum opposing dismissal of the complaint as moot and requesting monetary damages, attorneys' fees, and costs. (ECF No. 60). On April 30, 2024, Respondent responded in opposition to Petitioner's request for monetary damages, attorneys' fees, and costs, and in support of dismissing the complaint as moot. (ECF No. 61). Petitioner has not replied.

Case 8:21-cv-01198-DKC   Document 62   Filed 05/31/24   Page 3 of 9

## II. Standard of Review

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the court "must dismiss" an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3). "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)).

"[Q]uestions concerning subject-matter jurisdiction may be raised at any time by either party or sua sponte by th[e] court." *Plyler v. Moore*, 129 F.3d 728, 732 n.6 (4th Cir. 1997) (citing *State v. Ivory*, 906 F.2d 999, 1000 n.1 (4th Cir. 1990). Consequently, a federal court must determine with certainty whether it has subject-matter jurisdiction over a case pending before it. Plaintiff bears the burden of establishing subject-matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Federal jurisdiction extends only to actual cases or controversies. U.S. Const. art. III, § 2. Under the mootness doctrine, "[w]hen a case or controversy ceases to exist—either due to a change in the facts or the law—'the litigation is moot, and the court's subject[-]matter jurisdiction ceases to exist also.'"

3

*Porter v. Clarke*, 852 F.3d 358, 363 (4th Cir. 2017) (quoting *S.C. Coastal Conservation League v. U.S. Army Corps of Engineers*, 789 F.3d 475, 482 (4th Cir. 2015)).  In other words, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

**III. Analysis**

Petitioner's claim under the Immigration and Nationality Act ("INA") for *de novo* review of the denial of his naturalization petition is now moot in light of the fact that Respondent has voluntarily reversed its previous denial of Petitioner's naturalization application and granted Petitioner citizenship. Section 310(c) of the INA provides that "[a] *person whose application for naturalization . . . is denied* after a hearing before an immigration officer under [the Administrative Procedure Act], may seek [*de novo*] review of such a denial before the United States District Court for the district in which such person resides[.]" 8 U.S.C. § 1421(c) (emphasis added). As a naturalized citizen, Petitioner is no longer a person "whose application for naturalization . . . is denied." *See id.* Because Petitioner is no longer eligible for relief under the INA, the court lacks subject-matter jurisdiction over this action.  Accordingly, dismissal of this action is appropriate.

Petitioner opposes dismissal of this action on the basis that he is entitled to attorneys' fees and costs in addition to monetary damages due to the delay in his naturalization. (ECF No. 60, at 3). Petitioner argues that he is entitled to attorneys' fees and costs because he is the prevailing party in this action.[2] (ECF No. 60, at 4). Moreover, Plaintiff asserts that he is entitled to $5,000,000 in damages as a result of defamatory statements made by Respondent in support of its prior denial of Plaintiff's naturalization petition. (*Id.* at 3). Specifically, Plaintiff asserts that he has suffered "extreme financial, physical, and emotional harm" in the form of lost financial opportunities, community support, and family relationships. (*Id.* at 3, 5-8). Respondent counters that Petitioner is neither entitled to attorneys' fees and costs nor monetary damages. (ECF No. 61, at 1-3).

First, Respondent argues that Petitioner is not entitled to attorneys' fees and costs because (1) Petitioner is not a prevailing party; and (2) Petitioner is a *pro se* litigant. (ECF No. 61, at 1-2). Respondent is correct.

---

[2] Although Petitioner contends that he attached, as "Appendix A," an itemized statement of costs, to his memorandum opposing dismissal of the complaint as moot and requesting monetary damages, attorneys' fees, and costs, (ECF No. 60, at 4), a copy of Appendix A was not provided to the court.

5

As explained by the United States Court of Appeals for the Fourth Circuit, "[t]he term 'prevailing party' is a 'legal term of art' that is 'interpreted . . . consistently' across various statutory fee-shifting provisions." *Ge v. United States Citizenship & Immigr. Servs.*, 20 F.4th 147, 153 (4th Cir. 2021) (*Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 603, 603 n.4 (2001)). A plaintiff is a prevailing party when he or she "obtain[s] (1) a judgment, consent decree, or similar order, (2) that grants him some relief on the merits, (3) that materially alters the legal relationship between him and the defendant, and (4) that is enforceable by the court." *Id.* Here, Petitioner is not a prevailing party—whether by virtue of the court's denial of Respondent's motion for summary judgment or Respondent's reversal of Petitioner's naturalization petition—because the court did not grant Petitioner any enforceable relief on the merits that materially altered the legal relationship between Petitioner and Respondent.

Furthermore, even if Plaintiff is a prevailing party, his *pro se* status disentitles him to attorneys' fees and costs. In general, "parties are ordinarily required to bear their own attorney's fees[]" unless "statutory authority . . . provide[s] otherwise, as the [Equal Access to Justice Act ("EAJA")] does." *Ge*, 20 F.4th at 152-53 (quoting *Buckhannon*, 532 U.S. at 602). According to the EAJA,

6

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  "It is well-settled that a *pro se* litigant who has not engaged an attorney is not entitled to attorneys' fees pursuant to the EAJA." *Cummiskey v. Comm'r, Soc. Sec. Admin.*, No. 11-cv-956-PJM, 2012 WL 1431486, at *4 (D.Md. Apr. 24, 2012) (citing *Krecioch v. United States*, 316 F.3d 684, 688 (7th Cir. 2003); *SEC v. Price Waterhouse*, 41 F.3d 805, 808 (2d Cir. 1994); *Hexamer v. Foreness*, 997 F.2d 93, 94 (5th Cir. 1993); *Celeste v. Sullivan*, 988 F.2d 1069, 1070–71 (11th Cir. 1992)); *see also Kay v. Ehrler*, 499 U.S. 432, 435-38 (1991) ("The Circuits are in agreement . . . on the proposition that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees."); *Bond v. Blum*, 317 F.3d 385, 398–99 (4th Cir. 2003) ("The principle that a *pro se* litigant who is not a lawyer is not entitled to attorneys['] fees authorized by a fee-shifting statute is not disputed."), *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 579 U.S. 197 (2016).  Petitioner's *pro se* status therefore precludes any entitlement to attorneys' fees.

Second, Respondent argues that Petitioner is not entitled to monetary damages because "there is no applicable statutory basis

7

upon which a plaintiff . . . can obtain money damages in the context of challenging an immigration benefit delay or denial." (ECF No. 61, at 2). Specifically, Respondent contends that there is no "statutory waiver of sovereign immunity that permits the claim." (*Id.* at 3). Respondent is correct. "Absent a waiver, sovereign immunity shields the [f]ederal [g]overnment and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (citing *Loeffler v. Frank*, 486 U.S. 549, 554 (1988); *Fed. Hous. Admin., Region No. 4 v. Burr*, 309 U.S. 242, 244 (1940)); *see also United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). "[A]ny waiver of sovereign immunity must be 'unequivocally expressed in statutory text.'" *Cunningham v. Lester*, 990 F.3d 361, 365 (4th Cir. 2021) (quoting *FAA v. Cooper*, 566 U.S. 284, 290 (2012)). Neither the INA nor the APA, as referenced therein, expressly waive sovereign immunity for monetary damages. *See* 8 U.S.C. § 1421(c); 5 U.S.C. § 702. In fact, the APA only applies to actions "seeking relief other than money damages[.]" 5 U.S.C. § 702. Hence, Petitioner's claim for monetary damages will be denied.

In sum, Petitioner is not entitled to monetary damages, attorneys' fees, and costs. This action, now moot, will be dismissed.

**IV. Conclusion**

For the foregoing reasons, Respondent's request that this action be dismissed as moot will be granted and Petitioner's request for monetary damages, attorneys' fees, and costs will be denied.  A separate order will follow.


                                          /s/
                             DEBORAH K. CHASANOW
                             United States District Judge